IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jonathan C. Fredrick *a/k/a* Jonathan Fredrick, Plaintiff, v. Ofc. Williams, Lt. Lauzon, Director Rhode, Defendants. | Case No. 4:26-cv-00771-JDA **OPINION AND ORDER** |

This matter is before the Court on Plaintiff's Complaint [Doc. 1] and a Report and Recommendation ("Report") of the Magistrate Judge [Doc. 14]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Thomas E. Rogers, III for pre-trial proceedings.

Plaintiff's pro se § 1983 Complaint was docketed on February 23, 2026. [Doc. 1.] On March 23, 2026, the Magistrate Judge issued a Report recommending that this case be dismissed without prejudice and without issuance and service of process. [Doc. 14.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 5.] On April 6, 2026, the Clerk docketed objections from Plaintiff. [Doc. 16.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71

(1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## **DISCUSSION**

Plaintiff, a pre-trial detainee, alleges Defendant Ofc. Williams asked him to slide a trash bag under the door and when Plaintiff did so, Williams snatched the bag, scratching one of Williams' fingers and cutting another. [Doc. 1 at 5–6.] Plaintiff alleges that he put in a sick call for bandaids and took care of the cut himself. [*Id.* at 6.] As relief, he requests $350,000. [*See id.* at 6.]

The Report recommends dismissal on the basis that Plaintiff did not allege a sufficiently serious injury to state an Eighth Amendment deliberate indifference claim. [Doc. 14 at 4.] In his objections, Plaintiff does not engage the Magistrate Judge's analysis. [Doc. 16.]

Nevertheless, out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Plaintiff's case is dismissed without prejudice and without issuance and service of process.*

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

September 30, 2026
Florence, South Carolina

* In his objections, Plaintiff requests that the Court appoint counsel for him. There is no constitutional right to counsel in a civil case. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989). Although the Court has the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases," *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has recently reiterated that a district court must conduct a fact-specific, two-part inquiry in analyzing whether a case presents exceptional circumstances; that is, "(1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.'" *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant*, 739 F.2d at 163). In *Jenkins*, in determining that the case presented exceptional circumstances, the court considered the litigant's carceral status, educational background, legal knowledge, ability to access legal materials and evidence, and physical, mental, and intellectual limitations, as well as whether the case depended on the competing credibility of witnesses whom the pro se litigant would have difficulty cross examining without the aid of counsel. *Id.* at 248–49. Here, as discussed below and in the Report, Plaintiff has failed to present a colorable claim. Moreover, nothing in the record before the Court suggests that Plaintiff lacks the capacity to present his claims. Although Plaintiff is currently incarcerated, *Jenkins* makes clear that "inexperience and incarceration alone do not warrant appointment of counsel." *Jenkins*, 109 F.4th at 249. And Plaintiff does not argue that this case presents exceptional circumstances warranting appointment of counsel, but instead merely states that he "need[s] a lawyer to help." [Doc. 16.] Having considered the factors addressed by the Court in *Jenkins*, the Court denies Plaintiff's request for appointment of counsel.

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.